UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM N. BERRY,

        Plaintiff,                              Case No. 22-cv-11556

v.                                               HON. MARK A. GOLDSMITH

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendant.
_____/

**OPINION & ORDER
GRANTING EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS (Dkt. 24)**

Plaintiff Adam Berry alleges that Defendant Experian Information Solutions, Inc. violated the Fair Credit Reporting Act (FCRA), 15 U.S.C § 1681 et seq. by failing to follow procedures to assure maximum accuracy when furnishing information related to Berry in consumer reports. Before the Court is Experian's motion for judgment on the pleadings (Dkt. 24). For the reasons that follow, the Court grants Experian's motion.[1]

### I. BACKGROUND

This case stems from Berry's allegations that Experian, a consumer reporting agency (CRA), violated provisions under the FCRA requiring that Experian (i) follow reasonable procedures to assure maximum possible accuracy in reporting Berry's information under 15 U.S.C § 1681e(b) and (ii) conduct a reasonable reinvestigation into information disputed by Berry under

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Berry's response (Dkt. 31) and Experian's reply (Dkt. 32).

§ 1681i. See Compl. Berry asserts claims under both provisions based on Experian's reporting of information related to (i) Berry's Bank of America credit card, Compl. ¶¶ 67–80, and (ii) an open collection account with the State of Michigan's Office of Child Support (MCS), id. ¶¶ 38–61. The Court summarizes Berry's allegations with respect to each account in turn.

### A. The Bank of America Credit Card Account

Berry alleges that in April 2022, he received a notification from a third-party credit monitoring service indicating that his Bank of America credit card account had a past due balance of $39. Id. ¶¶ 62–63. When Berry called Bank of America to inquire about the balance, he learned that it stemmed from the account's annual fee. Id. ¶ 63. Berry submits that he had never previously received notice of the fee. Id. ¶ 65. Upon learning this information, he "immediately made the payment on the account." Id.

Berry asserts that Experian furnished an inaccurate report with respect to his late payment of the annual fee. Id. ¶ 67. After paying the fee, Berry submitted letters to Experian and other CRAs in which Berry disputed as inaccurate the reporting of his late payment on the Bank of America account. Id. ¶ 72. These dispute letters "specifically advised" that Berry had not received notice of the outstanding balance. Id. at ¶ 68. Despite the submission of these dispute letters, Berry alleges that Experian continued to report the disputed information related to Berry's late payment and failed to investigate Berry's dispute. Id. ¶ 73.

### B. The MCS Collection Account

Following his divorce in January 2021, Berry was obligated to pay child and spousal support on a monthly basis under the consent judgment of divorce. Id. ¶ 38. Although Berry fulfilled these monthly support obligations by making direct payments to his former wife, the terms of the consent judgment required him to make such payments through the State of Michigan. Id.

¶¶ 39–40. Towards the end of 2021, Berry learned that MCS had opened a collection account regarding his child support payments. Id. ¶ 44. After learning of the collection account, Berry moved for the state court to "resolve" the account, and in March 2022, the court entered an order (March Order) abating Berry's obligation to pay support and "waiv[ing] any arrears owed because [Berry] had paid the spousal support directly to [his] [former] wife." Id. ¶¶ 46–48.

After the entrance of the March Order, Berry disputed Experian's reporting of the open MCS collection account. Id. ¶¶ 49–56. In response to each dispute, Experian "verified the information was accurate" and continued to report the open collection account in response to each of Berry's dispute submissions. Id. Berry asserts that Experian's reporting of the open collection account is "[i]f not patently false, . . . materially misleading and therefore inaccurate." Id. ¶ 60.

## II. ANALYSIS[2]

Experian moves for judgment on the pleadings of all claims asserted by Berry. The Court proceeds by first addressing Berry's claims related to his Bank of America credit card account and then addressing Berry's claims related to his MCS collection account.

### A. Berry's FCRA Claims Related to His Bank of America Credit Card Account

Section 1681e(b) requires CRAs like Experian to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "[I]f a CRA negligently or willfully violates this mandate, the

---

[2] To survive a motion for judgment on the pleadings, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 480 (6th Cir. 2020) (explaining that Twombly pleading standard applies to 12(c) motions). "Courts must accept as true all well-pleaded factual allegations . . . ." Bates, 958 F.3d at 480. A plaintiff plausibly pleads a claim for relief if his or her allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (punctuation modified).

statute continues, an aggrieved consumer may bring suit." Twumasi-Ankrah v. Checkr, Inc., 954 F.3d 938, 941 (6th Cir. 2020) (citing §§ 1681n, 1681o). "[T]o state a claim under § 1681e(b) a plaintiff must show (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." Id. (punctuation modified). Inaccuracy is "an essential element of a claim under the [FCRA]." Spence v. TRW, Inc., 92 F.3d 380, 382 (6th Cir. 1996). To successfully allege the inaccuracy element, a "plaintiff may allege that a CRA reported either patently incorrect information about them or information that was misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer]." Twumasi-Ankrah, 954 F.3d at 942 (punctuation modified).

The parties' dispute regarding Berry's Bank of America account centers on whether Berry successfully alleges that Experian inaccurately reported that Berry was late in paying the account's $39 annual fee. Experian submits that its reporting was not inaccurate because Berry was actually late in paying the fee—a fact that Berry admits. Br. Supp. Mot. at 9 (citing Compl. ¶ 63 (alleging that "Plaintiff immediately called Bank of America to address the past due balance and discovered that the amount past due was for the card's annual fee")). In response, Berry argues that while he "in fact failed to make the annual fee payment," Bank of America's failure to notify him of the outstanding balance created a "materially misleading impression" regarding the late payment. Resp. at 12.

The Court agrees with Experian. Berry admits in his complaint that he did not timely pay the annual fee associated with his Bank of America credit card account. See Compl. ¶¶ 62–66 (alleging that Berry "immediately made the payment" after learning from a "third-party credit

4

monitoring service" that his account had a past due balance). Experian's reporting of that balance is neither inaccurate nor materially misleading. Although Berry submits that he did not receive notice from Bank of America regarding his payment status, see Compl. ¶ 65, his knowledge (or unawareness) of an outstanding account balance has no impact on whether Experian's report of that balance was inaccurate or materially misleading.

Resisting this conclusion, Berry argues that he is similar to the plaintiff in Twumasi-Ankrah, in which the United States Court of Appeals for the Sixth Circuit concluded that a plaintiff, an Uber driver, successfully asserted a § 1681e(b) claim by alleging that a CRA continued to misleadingly report plaintiff's involvement in three car accidents by failing to also report that plaintiff was not at fault in two of those accidents, despite the fact that plaintiff had informed the CRA of this. 954 F.3d at 941. After learning of the plaintiff's involvement in the car accidents from the CRA report, Uber terminated plaintiff's employment. Id. Berry contends that Experian's failure to report that Bank of America did not notify Berry of his outstanding balances is similar to the to the CRA's failure to report at-fault drivers in Twumasi-Ankrah. Resp. at 12.

Berry's reliance on Twumasi-Ankrah is unavailing. In Twumasi-Ankrah, the CRA's reporting was materially misleading because—although it was "technically accurate"—it was incomplete. See 954 F.3d at 940, 944–945. The report omitted publicly available information demonstrating that two of the three accidents were not the plaintiff's fault. See id. at 940, 944. In light of that omission, the incomplete report created the impression that plaintiff was a careless driver. Id. at 944.

Here, by contrast, Berry fails to allege any misleading impression resulting from Experian's reporting of his late payment. Berry admits that he was liable for the payment and that he failed to timely make that payment. Compl. ¶¶ 63–65. The Court fails to see how Experian's

5

accurate reporting created any impression that could be construed as materially misleading with respect to Berry's payment status. Given the uncontested accuracy of the report concerning Berry's Experian account and the absence of facts demonstrating a misleading impression resulting from that report, the Court concludes that Berry fails to sufficiently allege the inaccuracy element of his § 1681e(b) claim stemming from his Bank of America account.

Despite the absence of factual allegations demonstrating that Experian inaccurately reported information regarding Berry's Bank of America account, Berry relies on several out-of-circuit cases for the proposition that dismissal is not appropriate at the pleadings stage because whether technically accurate information is misleading is a fact question to be decided at trial. Resp.[3] But as numerous courts across jurisdictions have explained, where "the parties provide the reported information in dispute and the court determines only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law." Salvador v. Fedloan Servicing, No. 20-cv-20568, 2021 WL 5422292, at *3 (D.N.J. Oct. 28, 2021) (punctuation modified) (collecting cases); see also Settles v. Trans Union, LLC, No. 3:20-cv-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) (granting CRA-defendant's motion to dismiss complaint brought by plaintiff who defaulted on a student loan and, after his account was closed and transferred to another servicer, was reported by defendant as 120 days "past due" because the court found it "implausible" that a creditor would be misled by the reported information); Thomas

---

[3] Citing Seamans v. Temple Univ., 744 F.3d 853, 865 (3d Cir. 2014) (explaining that "whether technically accurate information [is] misleading . . . [such that] it can be expected to have an adverse effect is generally a question to be submitted to the jury") (punctuation modified); Dalton v. Cap. Assoc. Indus., Inc., 257 F.3d 409, 415–416 (4th Cir. 2001) (explaining that a jury could find as misleading a CRA's report characterizing plaintiff's criminal history as including "felony" assault charge where plaintiff had actually pled guilty to a misdemeanor); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40 (D.C. Cir. 1984) (finding as misleading a CRA report indicating that plaintiff never paid off a loan he had previously defaulted on even though plaintiff had in fact repaid the loan after default).

v. Equifax Info. Servs., LLC, No. 3:19-cv-286, 2020 WL 1987949, at *6 (S.D. Ohio Apr. 27, 2020) (granting CRA-defendant's motion to dismiss where report at issue "accurately report[ed] the historical payment terms and depict[ed] the account as closed" such that "no reasonable person would be misled" by the report). Given Berry's admission that he was in fact late in paying the annual fee on his Bank of America credit card account, the Court finds it implausible that a creditor could be misled Experian's accurate reporting of Berry's late payment of the annual fee on his Bank of America account.

Because the Court concludes that Berry has failed to plead an inaccuracy with respect to his Bank of America account, the Court further concludes that Berry's claim that Experian failed to reasonably reinvestigate information Berry disputed under § 1681i necessarily fails. As Experian points out, Br. Supp. Mot. at 8, although the Sixth Circuit has not squarely addressed whether a § 1681i claim requires a plaintiff to plead inaccuracy, it has expressed doubts that such a claim could survive absent a showing of inaccuracy. See Turner v. Experian Info. Sols., Inc., No. 17-3795, 2018 WL 3648282, at *2 (6th Cir. Mar. 1, 2018)[4] (explaining that "[the Sixth Circuit] ha[s] not decided whether § 1681i(a)(1)(A) has an inaccuracy element, . . . , but [it] ha[s] stated that 'damages would be almost impossible to prove without it'") (quoting Salei v. Am. Express Travel Related Servs. Co., No. 96-1799, 1997 WL 809956, at *3 (6th Cir. 1997)). In addition, the weight of authorities from courts outside of the Sixth Circuit lends further support for the proposition that inaccuracy is a required element of a § 1681i claim. See Bibbs v. Trans Union LLC, 43 F.4th 331, 344 (3d Cir. 2022) ("We therefore join the weight of authority in other circuits,

---

[4] Although Twumasi-Ankrah rejected Turner's approach to determining whether a plaintiff has successfully alleged inaccuracy for purposes of bringing a claim under the FCRA, Twumasi-Ankrah did not call into question Turner's analysis with respect to whether inaccuracy is required to bring a § 1681i claim.

7

which indicates that, without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.") (punctuation modified).[5]

Because the Court concludes that Berry does not allege an inaccuracy with respect to Experian's reporting of his Bank of America account, the Court grants Experian's motion for judgment on the pleadings on Berry's claims related to that account.

### B. Berry's FCRA Claims Related to His MCS Collection Account

Berry also asserts FCRA claims against Experian relating to its reporting of his open MCS child support collection account. Berry alleges that Experian continued to report an outstanding balance with the collection account even though Berry had satisfied his child and spousal support obligations by paying his former wife directly and that the state court presiding over Berry's support obligations had entered an order abating his obligation to pay the support and "waiving all arrears owed." Compl. ¶¶ 39–42, 46–48. On these allegations, Berry contends that Experian (i) failed to accurately report information regarding the collection account in violation of § 1681e(b) and (ii) failed to conduct the required reinvestigation regarding that account in response to Berry's submissions disputing the accuracy of Experian's report under § 1681i. Compl. ¶¶ 94–97.

Experian argues that Berry's claims related to his collection account must fail based on the application of § 1681s-1. Br. Supp. Mot. at 10. Under that provision, "[n]otwithstanding any other provision of this subchapter, a consumer reporting agency shall include in any consumer report furnished by the agency in accordance with section 1681b of this title, any information on the failure of the consumer to pay overdue support which . . . is provided . . . to the consumer reporting agency by a State or local child support enforcement agency." § 1681s-1 (punctuation modified). Experian submits that Berry does not raise an actionable claim under FCRA because Experian

---

[5] Notably, Berry cites no contrary authority on this point. See Resp.

8

reported information received from MCS, which indicated that an outstanding balance remained on the collection account. Br. Supp. Mot. at 11–12. Following each of Berry's dispute submissions, Experian "verified the information was accurate" and continued to report the open collection. Id. ¶¶ 49–56. According to Experian, it "did exactly what the FCRA requires: it 'parroted information furnished by the State of Michigan that indicated the collection account had an outstanding balance.'" Br. Supp. Mot. at 11–12 (quoting Compl. ¶ 56).

The weight of authorities addressing claims related to a CRA's reporting of support payments militates in favor of Experian's argument. Experian points to several cases in which courts have concluded that a CRA's accurate reporting of information furnished by state child or spousal support agencies is not actionable. Id. at 10–11.[6]

---

[6] Citing Johnson v. Trans Union, LLC, 524 F. App'x 268, 271 (7th Cir. 2013) (affirming district court's grant of summary judgment in favor of CRA-defendant that furnished a report "including past due child-support information reported by [Illinois's Department of Healthcare and Family Services (HFS)]" and where defendant had "repeatedly verif[ied] the accuracy of that information" with HFS); Bath v. Boundy, No. 18-cv-00384, 2018 WL 3387492, at *1 (D. Colo. June 19, 2018), report and recommendation adopted, No. 18-cv-00384, 2018 WL 4368677 (D. Colo. Aug. 6, 2018) (recommending that the district court deny plaintiff's motion for temporary restraining order or preliminary injunction alleging that Experian violated the FCRA by reporting plaintiff's open child support account, explaining that "Experian is required to report any information supplied to it by [Colorado's Department of Human Services under 15 U.S.C. § 1681s-1,] [a]s a result, any claim related to the reporting of child support accounts would necessarily fail"); Norman v. Experian Info. Sols., Inc., No. 3:12-cv-128, 2013 WL 1774625, at *6 (N.D. Tex. Apr. 25, 2013) (granting CRA-defendant's motion for summary judgment on plaintiff's claims under §§ 1681e(b) and 1681i, explaining that CRA-defendant "must report any information furnished by . . . [state] child support enforcement agency" under § 1681 s-1) (emphasis in original); Underwood v. Experian Info. Sols., Inc., No. 16-cv-7829, 2017 WL 1250843, at *2–*3 (N.D. Ill. Apr. 5, 2017) (granting CRA-defendant's motion to dismiss where defendant reported information furnished by state agency indicating that plaintiff did not timely pay child support payments and where plaintiff alleged in part to have made several timely payments but the state agency's "online payment portal delayed actually processing the payments" because plaintiff's complaint "conclusively establish[ed] that the complained of late entries originated with [the state agency] and [the state agency] communicated those entries to [CRA-defendant]").

For his part, Berry argues that such cases are distinguishable from this case because the plaintiffs in those cases failed to establish that the information included by the CRA and furnished by the state agencies was inaccurate. Resp. at 13–14. Berry's argument is not without some merit. None of the cases relied upon by Experian involved plaintiffs who alleged—as Berry does here— that the state agency in charge of collecting child or spousal support furnished inaccurate information to the CRA-defendant.[7] Such allegations fail to save Berry's claim. As the case law makes clear, the text of § 1681s-1 mandates that CRAs like Experian "include in consumer reports any information they receive from state child support enforcement agencies regarding failure to pay overdue child support." Underwood, 2017 WL 1250843, at *3 (emphasis in original).[8]

The district court's opinion in Johnson is instructive on this point. No. 10-cv-6960, 2012 WL 983793, at *6 (N.D. Ill. Mar. 22, 2012), aff'd, 524 F. App'x 268 (7th Cir. 2013). As that court explained:

> [Section 1681s-1's] mandate [to report any information provided by a state regarding the failure to pay child support] is imposed when a state or local child support enforcement agency furnishes information about a consumer's overdue

---

[7] Unlike Berry, the plaintiffs in these cases either (i) failed to present evidence at summary judgment that the information furnished by the state agencies was wrong, see Johnson, 524 F. App'x at 271–272; Norman, 2013 WL 1774625, at *4, or (ii) failed to allege in their complaints that information furnished by the state agencies was wrong, see Bath, 2018 WL 3387492 at *1; Underwood, 2017 WL 1250843, at *2.

[8] Berry cites one case, Resp. at 15, Chiarello v. Trans Union, LLC, in support of his argument that a CRA can be subject to liability under § 1681e(b) for reporting information from state agencies regarding outstanding child or spousal support payments. No. 2:17-cv-00513, 2018 WL 4698846, at *4 (E.D. Pa. Oct. 1, 2018). However, Chiarello differs from this case in that the alleged inaccuracy was contained in a merged report that contained information from three different CRAs. Id. The report in that case "contain[ed] inconsistent and irreconcilable information about [plaintiff's] child support payments," from which the court determined from the face of the report that "at least some of which must be inaccurate." Id. It is not clear from the Chiarello opinion whether the CRA-defendant in that case inaccurately reported the information it gathered from a state agency, or if the CRA reported inaccurate information furnished to it by the state agency, as Berry alleges Experian did here. Given the lack of clarity regarding the inaccuracy contained on the Chiarello report, Chiarello offers little persuasive value.

10

support; it is not up to the CRA to ask the agency whether it determined by itself that support was due or gleaned the information from a court order. This is not to say that a CRA cannot be held liable under § 1681e(b) for inaccurately reporting child support information furnished by an agency, or under § 1681i for refusing to ask the agency to confirm that the furnished information is accurate. But here, [plaintiff's] [state agency child support] account tradelines indisputably contained information furnished by [the state agency], and [d]efendants dutifully and repeatedly confirmed with [the state agency] that the furnished information was accurate.

Id.

Here, Berry alleges that Experian reported information furnished to it by MCS indicating that Berry had an open collection account with the agency. Compl. ¶¶ 46–49. Berry disputed Experian's reporting of the open collection account, and following each dispute, Experian verified that the information was accurate. Id. ¶¶ 49–54. On these allegations, the Court concludes that Experian was required by § 1681s-1 to report the information furnished by MCS regarding Berry's child support obligation.

Experian is entitled to judgment on the pleadings on Berry's claims under §§ 1681e(b) and 1681i stemming from Experian's reporting of the open MCS collection account.[9]

### III. CONCLUSION

For the reasons explained above, the Court grants Experian's motion for judgment on the pleadings (Dkt. 24).

SO ORDERED.

Dated: September 28, 2023          s/Mark A. Goldsmith
     Detroit, Michigan           MARK A. GOLDSMITH
                                       United States District Judge

---

[9] Because the Court concludes that Berry does not assert a cognizable claim under the FCRA, the Court need not reach Experian's arguments regarding willfulness. See Underwood, 2017 WL 1250843, at *3.